PETER R. MORRIS *vs.* BERNARD V. MORRIS *et al.*

JULY 8, 1920.

PRESENT: Sweetland, C. J., Vincent, Rathbun, and Sweeney, JJ.

(1)  *Certification of Case for Final Decree.   Equity.*

In an equity cause for an accounting issues were framed and the Superior Court referred the matter to a commissioner to take testimony. The cause was then referred to a master on the testimony to determine the issues of fact. A report was filed and respondent excepted thereto, and without determining the exceptions the cause was certified to the Supreme Court for determination under Gen. Laws, cap. 289, § 35.

*Held,* that such a cause could not be certified until *after* hearing for final decree and the exceptions to the master's report must be determined before the cause could be heard in the Superior Court for final decree.

Following *Restino* v. *Tafuri,* 43 R. I. 156.

PER CURIAM. This is a bill in equity, on facts stated in the opinion. Certified under Gen. Laws, cap. 289, § 35, and remanded as improperly certified.

The bill alleges that the complainant and the respondents are copartners, doing business under the name of Morris Brothers and also under the name of T. N. Morris & Company. The bill prays for an accounting and a dissolution of the partnership. The respondents answer denying that the complainant is a member of said partnership and entitled to an accounting. Issues were framed by agreement of parties and the Superior Court referred the cause to a commissioner to take testimony. After the taking of testimony the court referred the cause on the testimony to a master to determine the issues of fact. After making such determination the master filed a report and the respondents excepted to one hundred and twelve findings of the master. The latest record noted on the papers reads: "Heard on exceptions to master's report and decree entered certifying cause to Supreme Court for determination." It does not appear that the Superior Court has determined the exceptions to the master's report and we infer from the above record and from the absence of a record of determination of said exceptions, that said exceptions have not been determined. Said court ordered the cause certified to this court under the provisions of Section 35, Chapter 289, General Laws, 1909. Said section is as follows: "Sec. 35. The superior court shall certify to the supreme court for its determination all bills in equity for the construction of any will or trust deed, or for instructions relative to any will or trust deed, whenever and as soon as any such cause is ready for hearing for final decree, and may, after hearing any other cause for final decree, certify such cause for the determination of the supreme court. The supreme court shall thereupon hear and determine the cause so certified, and like proceedings shall be had therein, so far as the same are applicable thereto, as if said cause were brought before the supreme court on appeal."

The bill seeks neither the construction of a will or trust deed nor instructions relative to a will or trust deed and

therefore the cause cannot be certified to this court when it is *"ready* for hearing for final" decree. It cannot be certified *before* hearing for final decree but it may be certified *after* such hearing.

The exceptions to the master's report must be determined before the cause can be heard for final decree. In a cause of this nature the Superior Court must settle the facts before the cause is certified. When the exceptions have been determined said court may find it necessary to send the cause back to the master with further instructions and directions to the master relative to findings.

The question has been considered recently by this court in *Restino* v. *Tafuri,* in 43 R. I. 156, decided July 6, 1920. The opinion in construing said Section 35 has removed all uncertainty as to the proper procedure thereunder. We quote from the opinion the following: "In all causes, therefore, certified under said statutory provision, a justice of the Superior Court, as a trier of fact, who has heard the cause for final decree, shall enter upon the record his findings upon the issues of fact, whether said cause is heard upon oral testimony or otherwise. If the cause has been sent to a master to determine such issues, such justice must of necessity, confirm the master's report or hear and determine all exceptions to the same before hearing for final decree and certification."

As it is necessary to know what the facts are before attempting to apply the law to those facts it becomes necessary to return the cause to the Superior Court in order that said court may determine the facts.

The cause is remanded to the Superior Court for further proceedings in accordance with this opinion.

*John P. Beagan,* for complainant.

*Fitzgerald & Higgins,* for respondent. *James H. Higgins, William H. Camfield,* of counsel.